1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11  MARIO ADRIAN REYES,           )  Case No. EDCV16-01050-DMG (DTB)
                                  )
12              Petitioner,       )
                                  )  ORDER TO SHOW CAUSE
13        vs.                     )
                                  )
14  J. LIZARRAGA, Warden,         )
                                  )
15              Respondent.       )
                                  )
16  _____

17      On May 10, 2016,[1] petitioner constructively filed a Petition for Writ of Habeas

18  Corpus by a Person in State Custody ("Pet.") herein along with a supporting

19  memorandum of points and authorities ("Pet. Mem.").  The Petition purports to be

20  directed to a 2012 conviction sustained by petitioner in San Bernardino County

21  Superior Court. (See Pet. at ¶¶ 1-2; California Appellate Courts website.)[2]  Petitioner

22  purports to be raising four grounds for relief.  (See Pet. Mem.)

23  _____

24      [1]      May 10, 2016 is the signature date and thus, the earliest date on which
    petitioner could have turned the Petition over to the prison authorities for mailing.
25  Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d).
26  See also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that the
    prison mailbox rule applies to a habeas petitioner's state and federal filings).
27

28      [2]      http://www.courts.ca.gov/courtsofappeal.htm

1    Based on its review of the Petition as well as information derived from the

2 California Appellate Courts website, it appears to the Court that the Petition is time

3 barred. Accordingly, on or before **July 1, 2016**, petitioner is ORDERED to show

4 cause in writing (if any he has) why the Court should not recommend that this action

5 be dismissed with prejudice on the ground of untimeliness.[3]

6

7                          **THE TIME BAR ISSUE**

8    Since this action was filed after the President signed into law the Antiterrorism

9 and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

10 subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

11 2244(d). See Calderon v. United States District Court for the Central District of

12 California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4] 28 U.S.C. § 2244(d)

13 provides:

14          "(1)   A 1-year period of limitation shall apply to an application

15      for a writ of habeas corpus by a person in custody pursuant to the

16      judgment of a State court. The limitation period shall run from the latest

17      of–

18 / / /

19 / / /

---

21    [3]    The Ninth Circuit has held that the district court has the authority to raise
22 the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
of the petition and to summarily dismiss a petition on that ground pursuant to Rule
23 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
24 long as the court "provides the petitioner with adequate notice and an opportunity to
respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
25 260 F.3d 1039, 1042-43 (9th Cir. 2001).
26

27    [4]    Beeler was overruled on other grounds in Calderon v. United States
28 District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1         (A)   the date on which the judgment became final by

2   conclusion of direct review or the expiration of the time for

3   seeking such review;

4         (B)   the date on which the impediment to filing an

5   application created by State action in violation of the Constitution

6   or laws of the United States is removed, if the applicant was

7   prevented from filing by such State action;

8         (C)   the date on which the constitutional right asserted

9   was initially recognized by the Supreme Court, if the right has

10   been newly recognized by the Supreme Court and made

11   retroactively applicable to cases on collateral review; or

12         (D)   the date on which the factual predicate of the claim

13   or claims presented could have been discovered through the

14   exercise of due diligence."

15

16       From a review of the Petition, as well as the California Appellate Courts

17   website, it appears that petitioner appealed the underlying judgment of conviction to

18   the California Court of Appeal, which subsequently affirmed the judgment on

19   October 10, 2014. Thereafter, petitioner filed a Petition for Review in the California

20   Supreme Court on or about November 17, 2014 which was subsequently denied on

21   January 14, 2015. Thus, "the date on which the judgment became final by conclusion

22   of direct review or the expiration of the time for seeking such review" was April 14,

23   2015, when the 90-day period for petitioner to petition the United States Supreme

24   Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59

25   (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C.

26   § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of

27   direct review or the expiration of the time for seeking such review" on April 14,

28   / / /

1    2015, and his one-year limitations period under the AEDPA expired on April 13,

2    2016, absent either a late-trigger date or a basis for tolling of the statute.

3         From the face of the Petition, it does not appear that petitioner has any basis for

4    contending that he is entitled to a later trigger date under§ 2244(d)(1)(B).  Nor does

5    it appear that petitioner has a basis for contending that any of his claims is based on

6    a federal constitutional right that was initially recognized by the United States

7    Supreme Court subsequent to the date of his conviction became final and that has

8    been made retroactively applicable to cases on collateral review, as provided in §

9    2244(1)(C).  Finally, it appears that petitioner has no basis for contending that he is

10   entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the

11   **factual** predicate of his claim as of the date his petition for review was denied.  See

12   Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations

13   begins to run when a prisoner "knows (or through diligence could discover) the

14   important facts, not when the prisoner recognizes their legal significance").

15        Thus, unless a basis for tolling the statute existed, petitioner's last day to file

16   his federal habeas petition was April 13, 2016.  See Patterson v. Stewart, 251 F.3d

17   1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

18        28 U.S.C. § 2244(d)(2) provides:

19        "The time during which a properly filed application for State post-

20        conviction or other collateral review with respect to the pertinent

21        judgment or claim is pending shall not be counted toward any period of

22        limitation under this subsection."

23

24        In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed

25   the foregoing tolling provision with reference to California's post-conviction

26   procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the

27   time the first state habeas petition is filed until the California Supreme Court rejects

28   the petitioner's final collateral challenge."  See id. at 1006.  Accord, Carey v. Saffold,

1  536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for

2  purposes of statutory tolling, a California petitioner's application for collateral review

3  remains "pending" during the intervals between the time a lower state court denies

4  the application and the time the petitioner files a further petition in a higher state

5  court).  However, the statute of limitations is not tolled during the interval between

6  the date on which the judgment of conviction became final and the filing of the

7  petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

8         Petitioner's Petition for Review to the California Supreme Court was denied

9  on January 14, 2015, and his conviction became final 90 days later, on April 14,

10  2015.  The only collateral challenge petitioner listed in his Petition to the underlying

11  conviction was a habeas petition filed in the California Court of Appeal on March 26,

12  2015, and which was denied on April 16, 2015.  As this petition was filed prior to the

13  commencement of the limitations period, it only served to toll the limitations period

14  only to the extent it was pending at the commencement of the limitations period.

15  Petitioner is not entitled to any tolling prior to the commencement of the limitations

16  period, as there is nothing to "toll" due to the fact that the limitation period had not

17  yet started to run.  See Waltrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).  Thus,

18  petitioner is entitled to two days of tolling, from April 14, 2015 (the date the

19  limitations period commenced) until April 16, 2015, when his habeas petition was

20  denied.  Thus, the limitations period was extended by two days, to April 16, 2016.

21  However, as the Petition herein was constructively filed on May 10, 2016, it was filed

22  24 days after the deadline for filing a federal habeas petition expired.  Once the

23  AEDPA limitations period lapsed on May 4, 2016, it could not be reinitiated.  See

24  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d)

25  "does not permit the reinitiation of the limitations period that has ended before the

26  state petition was filed," even if the state petition was timely filed); Jiminez v. Rice,

27  276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th

28  Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Thus, it appears

5

1  there is no basis for statutory tolling of the limitations period with respect to the

2  Petition.

3       In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held

4  that the timely filing of a habeas petition was not jurisdictional, but rather was subject

5  to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for

6  purposes of arguing that his federal habeas petition is timely, he will need to include

7  with his Response to this Order to Show Cause a declaration under penalty of perjury

8  stating facts showing (1) that he has been pursuing hi rights diligently, and (2) that

9  some "extraordinary circumstances" beyond petitioner's control stood in his way

10 and/or made it impossible for him to file the Petition on time.  See Pace v.

11 DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also

12 Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d

13 1150, 1153 (9th Cir. 2006).

DATED: June 2, 2016

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6